FILED
2005 AUG 10 PM 2:10
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>JACK MATIA HONDA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:05 CV 1789<br><br>JUDGE DONALD C. NUGENT<br><br>MEMORANDUM OF OPINION AND ORDER |

Before the court is pro se plaintiff Andrew Daniels's "Affidavit of Prejudice" [Dkt. # 8] filed in this court on August 5, 2005. In his affidavit, Mr. Daniels avers: "Judge Nugent is disqualified to sit in judgment in this case and requests this Sixth Circuit Court of Appeals to recuse him from this case for the reasons set forth herein." (Aff. at 6.) The court construes this as a motion to recuse, which is denied for the reasons set forth below.

Mr. Daniels does not specify under which recusal statute he is bringing his motion, 28 U.S.C. § 144 or 28 U.S.C. § 455. To the extent that the motion was brought under § 144, the motion is untimely. Section 144 provides in part that the motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall

be shown for failure to file it within such time." 28 U.S.C. § 144. Mr. Daniels was required to file an amended complaint within 15 days of the court's July 27, 2005 order, and advised that "[f]ailure to do so will result in dismissal." Daniels v. Jack Matia Honda, No. 1:05cv1789, (N.D. Ohio 2005)(Order of July 27, 2005). This would require that any motion pursuant to 28 U.S.C. § 144 must be filed ten days prior to the court's deadline. Plaintiff did not timely file his motion and offered no reason for the delay. Moreover, his motion was not accompanied by a certificate of counsel of record.[1] As the Tenth Circuit noted, "[t]his requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant." Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.1942). Although the Sixth Circuit, unlike some sister courts, has not addressed this mandate regarding pro se litigants,[2] there is certainly no waiver of this requirement. Notwithstanding the procedural defects in his motion, Mr. Daniels has fallen short of the Sixth Circuit's directive that the petition and affidavit meet the requirements of the statute for a change of judge. United States v. Bell, 351 F.2d 868, 878 (6th Cir. 1965)

---

[1]The statute specifies: "A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144 (emphasis added).

[2]See Robinson v. Gregory, 929 F.Supp.334 (S.D.Ind.1996)(statutory language of Section 144 appears to prevent a pro se litigant from using Section 144 to obtain disqualification of the presiding judge); Williams v. New York City Housing Authority, 287 F.Supp.2d 247, 249 (S.D.N.Y. 2003); Heimbecker v. 555 Associates, No. 01-6140, 2003 WL 21652182, at 4 (E.D.Pa Mar. 26, 2003)(absence of a certificate of counsel is a sufficient basis upon which a motion for recusal pursuant to 28 U.S.C. § 144 may be denied); see, e.g., Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir.1970), cert. denied, 401 U.S. 945 (1971); see also Mitchell, 126 F.2d at 552 (statute provides safeguard against abuse of the privilege in the requirement that the affidavit must be accompanied by a certificate of counsel of record, without which the affidavit is ineffectual to disqualify the judge).

Even if Mr. Daniels's motion was brought under § 455, it is without merit. Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge must recuse himself only " 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir.1990)). The judge need not recuse himself under § 455(a) based on the subjective view of a party, no matter how strongly that view is held. Sammons, 918 F.2d at 599. Subsection 455(b) lists five specific circumstances in which a judge must recuse himself, only the first of which, involving "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," is even arguably raised by Mr. Daniels. Although the Supreme Court has rejected the extrajudicial source of the alleged bias or prejudice as an exclusive test for judging the merits of a recusal motion, it still is considered as a factor in determining bias or prejudice. Liteky v. United States, 510 U.S. 540, 551, 554-55 (1994).

The example of "bias" offered by Mr. Daniels does not meet the standards for recusal. The purpose of section 455(a) is to protect against even the appearance of impropriety in judicial proceedings and "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60(1988)). The primary source of Mr. Daniels's concern is with this court's July 27, 2005 Order requiring him to amend his original complaint. The requisite showing of prejudice in this context may not be made by pointing to allegedly erroneous or atypical judicial rulings. See, e.g., Traficant v. Comm'r, 884 F.2d 258, 267 (6th Cir.1989). Further,

judicial rulings will almost never serve as a valid basis for recusal and are most often simply grounds for appeal. Id. at 555.

Although Mr. Daniels also claims that the undersigned has a "real prejudice against any Afro-Americans or persons in pro-se plaintiff" (Aff. at 2), he has failed to point out any personal expression about race by the court based on an extrajudicial source. Contrary to Mr. Daniels's contentions, the statute does not call upon a judge to perform the impossible--to disqualify himself based on facts he does not know. Liljeberg , 486 U.S. at 861.

Based on the foregoing, Mr. Daniels's motion for recusal based on his "Affidavit of Prejudice" is **denied**. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith[3] and thus plaintiff may not proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Donald C. Nugent 8/10/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

3 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.