# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW DANIELS, | ) | CASE NO. 1:05 CV 1789 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JACK MATIA HONDA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 15, 2005, pro se plaintiff Andrew Daniels filed the above-captioned case against Jack Matia Honda, Crescent Bank and Trust, Experian Credit Agency and TransUnion Credit Agency pursuant to 15 U.S.C. § 1681, the Fourth and Fourteenth Amendments and "Title 42 of United States Code." Mr. Daniels seeks to enjoin Jack Matia Honda from "illegally obtaining 20-50 credit reports on one individual at 20-50 banks or finance companies solely for monetary gains." (Compl. at 13.) He also requests that the credit bureaus be ordered "to allow all consumers be allowed access to their credit file when turn [sic] down for credit because of their credit file." (Compl. at 13.)

*Background*

In the course of buying a vehicle on June 15, 2005 from Jack Matia Honda, Mr. Daniels offered the salesman a $2,000.00 down payment towards the purchase. He then completed and submitted a loan application to Crescent Bank and Trust in New Orleans, Louisiana to finance the balance due on the car. While still at the dealership, Mr. Daniels was advised that his loan had been approved, but he needed "another $2,682.00 to complete the loan for a total of $4,682.00 and $6,000.00 would be finance [sic] by Crescent Bank and Trust." (Compl. at 3.)

Mr. Daniels withdrew additional money from his bank and provided a total of $5,000.00 in cash to a salesman at Jack Matia. The salesman telephoned plaintiff's insurance agent to advise that the new car should be added to his insurance policy. A few hours later, however, the salesman notified Mr. Daniels that Crescent Bank "had changed their mind." Mr. Daniels states he does not know how this was possible since he had provided the $4,682.00 that was requested. The salesman called the insurance agent back to remove the car from plaintiff's policy because the financing arrangements did not go through. Mr. Daniels maintains that the salesman acted beyond the scope of his authority when he called the insurance agent back to remove the new vehicle from his policy. He claims this action violated his rights under the Fourteenth Amendment because he has the right to live safely and securely in his community. Moreover, Jack Matia Honda made "several other applications in I do not know how many states and banks, pursuant to Title 15, 1681 of the United States Code,"without plaintiff's consent. (Compl. at 4-5.)

It is Mr. Daniels's contention that once Crescent turned down his loan request, no further loan applications should have been pursued. He adds that Jack Matia's actions are prohibited by state and federal law. He argues that the defendant's actions are also in violation of his civil

2

rights. He avers that Jack Matia Honda should have known that if it made several applications for financing that Mr. Daniels would be "injured beyond any recovery because applications has [sic] to stay on the credit file for at least 18 months and reported as such and when any creditor see [sic] all those applications in one day a red flag will be raised it would be over for the plaintiff although he did no wrong therein." (Compl. at 7.)

Several credit reports were issued by Experian Credit Agency to different banks and finance companies as a result of Jack Matia Honda's requests. He claims Experian knew that the "credit report was bogus and the information contained therein but they continued to issue it after duly being notified that the information was wrong solely to injure plaintiff and violate the law and his civil and constitutional right to due process by continuing to issue this false and misleading credit report on plaintiff."[1] (Compl. at 11.)

Mr. Daniels claims that on June 11, 2005, he attempted to have Experian change his credit report and requested a copy. Experian allegedly refused both requests. Almost one month later, plaintiff contacted TransUnion Credit Agency to remind them that he had not received a copy of his credit report. He alleges that TransUnion, like the other defendants, knew it was wrong, but "they told me to take it and stick it and I did so right here in court." (Compl. at 12.)

In his prayer for relief, Mr. Daniels seeks an order restraining Jack Matia Honda from illegally obtaining 20-50 credit reports on him. Further, he asks that all credit bureaus be ordered to allow consumers access to their credit files when they are turned down for credit.

---

[1] Mr. Daniels does not explain what information was incorrect or that this specific information had an adverse effect on his ability to secure credit.

3

## *Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364,

365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any

time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v.

Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that patently frivolous claims divest the district

court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that

federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

Mr. Daniels's factual allegations must be presumed true and liberally construed in his

favor when reviewing the adequacy of his complaint. Phillips v. Bureau of Prisons, 591 F.2d 966,

968 (D.C.Cir.1979) (citing Miree v. DeKalb County, Georgia, 433 U.S. 25, 27 n. 2 (1977)). In

addition, he must be given every favorable inference that may be drawn from his allegations of fact.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "However, legal conclusions, deductions or opinions

couched as factual allegations are not given a presumption of truthfulness." 2A Moore's Federal

Practice, § 12.07, at 63 (2d ed. 1986) (footnote omitted); see Haynesworth v. Miller, 820 F.2d 1245,

1254 (D.C.Cir.1987) (citing Pauling v. McElroy, 278 F.2d 252, 254 (D.C.Cir.), cert. denied, 364

U.S. 835 (1960)).

## *Fair Credit Reporting Act*

The Fair Credit Reporting Act (FCRA),15 U.S.C. §1681, et seq., a subchapter of the

Consumer Credit Protection Act, requires consumer reporting agencies to adopt reasonable

4

procedures for meeting the needs of the business community without sacrificing accuracy or confidentiality, thus operating in a manner which is fair and equitable to the consumer. (Pub.L. 90-321, Title VI, § 602, as added Pub.L. 91-508, Title VI, § 601, Oct. 26 1970, 84 Stat. 1128). Protecting consumers from the improper use of credit reports is an underlying policy of the FCRA. Jones v. Federated Financial Reserve Corp., 144 F.3d 961, 965 (6th Cir. 1998).  Courts have interpreted it as an act intended to protect consumers from having inaccurate information circulated, Roseman v. Retail Credit Co., Inc., 428 F.Supp. 643 (D.C.Pa.1977), and to protect the reputation of the consumer. Ackerley v. Credit Bureau of Sheridan, Inc., 385 F.Supp. 658 (D.C.Wyo.1974).

Liability on the part of the consumer reporting agency is established in the following passage: "Any consumer reporting agency ... which is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer ..."15 U.S.C. § 1681o. Just as § 1681o deals with negligent violations, § 1681n deals with willful violations, using similar language. Additionally, § 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

Under each section of the statute the language is explicitly directed to a "consumer reporting agency," which would clearly exclude defendants Jack Matia Honda and Crescent Bank from liability.  Neither defendant has been described or characterized as a "credit agency" by Mr. Daniels and the facts belie such a description.  On the merits, Mr. Daniels does not allege that any errors were contained in the credit reports issued under his name.   A showing of inaccuracy is an essential element of a claim under the FCRA. Spence v. TRW, Inc., 92 F.3d 380, 382 (6th Cir. 1996); Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333 (9th Cir.1995).  Thus,

5

he has failed to establish an individual personal claim under the FCRA. Absent any error in his individual credit report, he has failed to state a cognizable claim against Experian or Trans Union pursuant to § 1681o.

Mr. Daniels seems to allege that Jack Matia Honda impermissibly accessed his credit report on June 15, 2005. In order to state a claim under § 1681b(a), a plaintiff must allege facts that demonstrate that Jack Matia Honda was a credit reporting agency that furnished a consumer report for a reason other than those authorized by the statute. The facts alleged that Jack Matia Honda is a retail automobile dealer located in Elyria, Ohio. Again, however, there is no allegation that Jack Matia Honda is a consumer reporting agency subject to the provisions in § 1681b of the FCRA. Therefore, the claim that Jack Matia Honda violated § 1681b is without merit.

In order to state a claim for imposition of liability under §§ 1681n and 1681q, Mr. Daniels must allege that Jack Matia Honda acted willfully and obtained the information under false pretenses. As a general rule, a person is proceeding under false pretenses when he (1) knowingly and willfully obtains a consumer report for a purpose that is not sanctioned by the FCRA and (2) fails to disclose his true motivation to the consumer reporting agency. Duncan v. Handmaker, 149 F.3d 424, 426 (6th Cir. 1998). There is no allegation that Jack Matia Honda requested Mr. Daniels's credit report for any reason that is not sanctioned by the FCRA. See 15 U.S.C. § 1681(b) (listing permissible purposes for use and provision of consumer reports). Every credit rejection letter sent to Mr. Daniels, copies of which he attached to the complaint, indicates that Jack Matia Honda's credit request was initiated in order to lease or purchase an automobile from that dealership. This is not a "false pretense" based on the facts Mr. Daniels has alleged in his complaint and, thus he has failed to state a claim pursuant to §§ 1681n and 1681q. See Davis v. Regional Acceptance Corp.,

6

300 F.Supp.2d 377, 386 (E.D. Va. 2002).

*Civil Rights Violation*

It is not sufficient to sustain jurisdiction when a pleading merely asserts that the conduct complained of violates the plaintiff's constitutional rights. A complaint must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' Cuyahoga River Power Co. v. Northern Ohio T. & L. Co., 252 U.S. 388, 397(1920).

Here, Mr. Daniels does not give the court the benefit of citing what section of Title 42 the defendants have allegedly violated. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Therefore, Mr. Daniels has failed to state a cognizable claim that his civil rights were violated.

Based on the foregoing, the complaint is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*Donald C. Nugent 8/19/7*

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7